IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] SANTOS GÓMEZ-ENCARNACIÓN,<br><br>Defendant. | CRIM. NO.: 14-679(DRD/SCC) |

**REPORT AND RECOMMENDATION**

  Defendant Santos Gómez-Encarnación moves for suppression of evidence seized during a search of his home, which was authorized by a warrant signed by a federal magistrate judge. *See* Docket No. 9. In essence, Gómez argues that there was insufficient probable cause for the search warrant to issue. *See id.* at 2. He also alleges that the affidavit "omitted critical material information, that if known to the issuing Magistrate Judge, would have resulted in the warrant not being issued."

| UNITED STATES v. GOMEZ-ENCARNACION | Page 2 |
|---|---|

*Id.* at 3. Though he fails to cite the case, I thus understand Gómez to be requesting a *Franks* hearing, *Franks v. Delaware*, 438 U.S. 154 (1978), as well as to be making a more general claim about the affidavit's lack of probable cause, *see, e.g.*, *United States v. Khounsavanh*, 113 F.3d 279, 283 (1st Cir. 1997) ("determining the sufficiency of an affidavit" in support of a search warrant).

A *Franks* hearing is appropriate only where the defendant makes two "substantial preliminary showing[s]": first, he must make "allegations of deliberate falsehood or reckless disregard for the truth,"[1] which "must be accompanied by an offer of proof";[2] second, if the first prong is met, a hearing should be denied if, putting the untruthful matter to the side, "there remains sufficient content in the warrant to support a finding

---

1. "Allegations of negligence or innocent mistake are insufficient." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Likewise, if the "warrant affiant had no reason to believe the information was false, there was no violation of the Fourth Amendment." *Id.* at 172 n.8.

2. In terms of proof, the Supreme Court requires "[a]ffidavits or sworn or otherwise reliable statements of witnesses." *Franks*, 438 U.S. at 171. If no such affirmative evidence is presented, its "absence should be explained." *Id.*

of probable cause."[3] *Franks*, 438 U.S. at 171–72. Gómez alleges that there were material omissions, but he fails to specify what those omissions were. *See United States v. Higgins*, 995 F.2d 1, 4 (1st Cir. 1993) ("When a defendant offers proof of an omission, the 'issue is whether, even had the omitted statements been included in the affidavit, there was still probable cause to issue the warrant.'" (quoting *United States v. Rumney*, 867 F.2d 714, 720–21 (1st Cir. 1989))). Given that the nature of the alleged omissions is unclear, it is not surprising that Gómez also fails to submit an offer of proof or explain the offer of proof's absence. As such, it is plain that a *Franks* hearing is unwarranted, and the motion to suppress should therefore be denied in this regard without a hearing.

As for the more general claim that the warrant affidavit fails to show probable cause, the question is "whether the 'totality of the circumstances' stated in the affidavit demonstrates probable cause." *Khounsavanh*, 113 F.3d at 283 (citing

---

3. That is, the false statement must have been *necessary* for the finding of probable cause. *Franks*, 438 U.S. at 172; *see also United States v. Strother*, 318 F.3d 64, 69 (1st Cir. 2003) (noting that a defendant is only entitled to a *Franks* hearing where he makes a preliminary showing that a statement in the affidavit was "knowingly and intentionally false" and that "the falsehood was necessary to the finding of probable cause").

UNITED STATES v. GOMEZ-ENCARNACION                                    Page 4

*Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Thus, it is necessary to review the affidavit. The affidavit reveals that on the morning of April 28, 2014, DEA agents intercepted several phone calls suggesting the transacting of an illicit business deal. First, Defendant Daniel Pilier-Ramírez spoke with Defendant Juan Polanco-Ventura in a conversation that the DEA believes was Pilier instructing Polanco to pick up money from Pilier's associate. Soon afterward, Polanco spoke with Gómez, asking if he could come by and getting directions from Gómez. Surveillance showed that Polanco thereafter drove in a direction consistent with instructions he'd been given. Polanco was then observed driving by Gómez's residence, out of which a man emerged and handed something into Polanco's car before returning to Gómez's residence. Agents thereafter observed Polanco counting money as they drove by his car. A call was also intercepted between Pilier and Polanco, in which Polanco said that he had received the money. A subsequent intercepted conversation concerned Pilier's instructions to Polanco regarding what to do with the money. Other recordings, from early June 2014, concern conversations between Gómez and Pilier regarding the sale of two kilograms of cocaine. From these facts, there exists probable cause that

Gómez was involved in drug trafficking or money laundering, and given that a pick-up was made from his residence, probable cause existed that evidence would be found there. I accordingly RECOMMEND that the motion to suppress be DENIED.[4]

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 10th day of March, 2015.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES MAGISTRATE JUDGE

---

**4.** Gómez also argues that the warrant was "overbroad on its face," but he fails to describe how, and that the search as conducted was an "illegal 'general search,'" but he fails to explain why. *See* Docket No. 9, at 3. These arguments should be deemed waived.