IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

SANTOS GOMEZ-ENCARNACION,

Defendant.

Crim. No. 14-679(DRD)

## OPINION AND ORDER

Pending before the Court are: (1) Defendant Santos Gomez-Encarnacion's ("Defendant") *Motion to Suppress Evidence* (Docket No. 9); (2) United States' *Response to Defendant's Motion to Suppress Evidence* (Docket No. 16); (3) United States' *Supplemental Motion* (Docket No. 20); and Magistrate Judge Silvia Carreño-Coll's *Report and Recommendation* (Docket No. 33). For the reasons set forth below, Defendant's *Motion to Suppress Evidence* (Docket No. 9) is hereby **DENIED.**

### I.   BACKGROUND

On November 12, 2014, the Grand Jury handed down a one count indictment (Docket No. 1) against Defendant for the illegal possession of a machinegun in violation of 18 U.S.C. § 922(o).

On December 3, 2014, Defendant moved for suppression of the evidence seized from his residence arguing that that there was insufficient probable cause for the search warrant to issue.

1

Defendant further asserts that the affidavit submitted in support of the search warrant omitted critical material information that would have resulted in the warrant not being granted.   In short, Defendant, without citing to the relevant case law, requests a <u>Franks</u> hearing, <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), in addition to arguing that the affidavit lacked probable cause.

On December 17, 2014, the United States filed its opposition to Defendant's request for suppression of evidence emphasizing that Defendant failed to make a substantial showing that the affidavit contains intentional or recklessly false statements or misleading omissions and that the affidavit could not support a finding of probable cause without the false information or with the misleading omissions.   Additionally, the government stresses that the affidavit was supported by probable cause.

On March 10, 2015, Magistrate Judge Carreño-Coll issued a *Report and Recommendation* (Docket No. 33) denying Defendant's motion to suppress.   First, the Magistrate Judge accentuates that a <u>Franks</u> hearing is unwarranted, inasmuch as the Defendant not only failed to specify what factual assertions were omitted from the affidavit, but also failed to submit an offer of proof or explain the offer of proof's absence.   Second, the Magistrate

2

Judge determined that the search warrant was supported by probable cause.

No objections to the *Report and Recommendation* were filed by the Defendant.

## II. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *See* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); Matthews v. Weber, 423 U.S. 261, 96 S.Ct. 549 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b). Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and

3

Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); *see* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also* Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Borden v. Sec. of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, need only satisfy itself that there is no "plain error" on the face of the record. *See* Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also* Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also* Nogueras-Cartagena v.

4

United States, 172 F. Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *see also* Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Defendant has not filed objections to the Magistrate Judge's *Report and Recommendation* (Docket No. 33). Thus, the Court reviews the *Report and Recommendation* only for plain error.

### III. ANALYSIS

### *Franks Hearing*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Therefore, law enforcement must generally secure a warrant prior to conducting a search or seizure. *See* U.S. v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012). "Probable cause exists when the totality of the circumstances suggest that

'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Id. (quoting U.S. v. Hicks, 575 F.3d 130, 136 (1st Cir. 2009) (internal quotation marks omitted)).

The issuance of a search warrant can be supported by an affidavit. *See* Id. A presumption of validity attaches to the supporting affidavit, but a defendant can challenge the substance of the affidavit by requesting a Franks hearing. *See* Id.; Franks v. Delaware, 438 U.S. 154, 171 (1978). A Franks hearing is only appropriate when a defendant shows that the affidavit contained "allegations of deliberate falsehood or of reckless disregard for the truth," which "must be accompanied by an offer of proof." Franks, 438 U.S. at 171. Nevertheless, even if a defendant makes a showing of deliberate falsehood or reckless disregard for the truth, a court must deny a request for a hearing if "there remains sufficient content in the warrant to support a finding of probable cause." Id. at 171-172.

In the case at bar, Defendant alleges that there were several material omissions in the affidavit, but fails to specify what those omissions were. In the same token, Defendant also fails to submit an offer of proof or explain why an offer of proof is unavailable. *See* Franks, 438 U.S. at 171 ("Affidavits or sworn or otherwise reliable statements of

6

witnesses should be furnished, or their absence satisfactorily explained.").   For these reasons, the Court agrees with Magistrate Judge Carreño-Coll that a <u>Franks</u> hearing is unwarranted.   Accordingly, Defendant's motion to suppress is hereby denied in this regard without a hearing.

### *Probable Cause*

We next address Defendant's claim that the affidavit in support of the search warrant lacked probable cause.   In ascertaining the probable cause of an affidavit, courts must look at "whether the totality of the circumstances stated in the affidavit demonstrated probable cause to search either the premises or the person." <u>United States v. Khounsavanh</u>, 113 F.3d 279, 283 (1st Cir. 1997)(citing <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)).   "Probable cause exists when the affidavit upon which a warrant is founded demonstrates in some trustworthy fashion the likelihood that an offense has been committed and that there is sound reason to believe that a particular search will turn up evidence of it or . . . contraband." <u>Id.</u> (internal citations and quotations omitted).

Therefore, an affidavit "demonstrates probable cause to search a locale where information in the affidavit reveals a fair probability that contraband or evidence of a crime will be found in a particular place." <u>U.S. v. Barnes</u>, 492 F.3d 33, 36

(1st Cir. 2007)(citing <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)).

      The affidavit in the instant case reveals that Defendant and several other individuals were being investigated by the Drug Enforcement Administration ("DEA") and Dominican Republic authorities for money laundering activities. On the morning of April 28, 2014, DEA agents intercepted several telephone conversations between Defendant and his associates suggesting that illicit business deals were being transacted. During the first conversation, the DEA believed that Daniel Pilier-Ramírez instructed Juan Polanco-Ventura to pick up money from Pilier's associate. Approximately 24 minutes later, Polanco spoke to the Defendant and asked him if he could meet Defendant now, to which he replied in the affirmative. DEA agents believe that Polanco was coordinating the time and location for the money pickup. Surveillance then showed that Polanco drove to Defendant's residence and waited for an individual, who was later identified as Trinidad-Marine, to walk out of Defendant's residence. Trinidad-Marine then proceeded to hand something to Polanco before returning to Defendant's residence. In an effort to ascertain what Trinidad-Marine had handed Polanco, agents immediately drove past Polanco's vehicle and observed him counting money in the driver seat of the car.

Shortly thereafter, Polanco called Pilier to inform him that he had picked up the money from Defendant and was on his way to wire the money. In a subsequent telephone call, Pilier instructs Polanco to send the money to a person named Guido Bastardo in La Romana, Dominican Republic. A female employee at a financial services company then confirmed that the money would be sent to Caribe Express in La Romana. Other recordings intercepted by the DEA, from early June 2014, pertain to conversations between Pilier and the Defendant regarding the sale of two (2) kilograms of cocaine.

After reviewing the affidavit, the Court agrees with Magistrate Judge Carreño-Coll that the search warrant was supported by probable cause. From the facts described therein, we conclude that there was a fair probability that contraband or evidence of a crime will be found at Defendant's residence, particularly with regards to drug trafficking or money laundering endeavors. The facts not only show that Polanco went to Defendant's residence to collect money, which was then wired to the Dominican Republic, but also that Defendant and Pilier discussed drug transactions over a telephone conversation. During the course of this conversation, the two individuals discussed the sale of two (2) kilograms of cocaine and different pricing schemes for cocaine and heroin. As such, there was probable cause to believe that Defendant was engaged in illicit

activities and that a search of his residence would yield evidence of these endeavors.

Accordingly, Defendant's *Motion to Suppress Evidence* (Docket No. 9) is hereby denied on these grounds.

### IV.   CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 33) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE**. Accordingly, Defendant *Motion to Suppress Evidence* (Docket No. 9) is hereby **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of May, 2015.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

10